IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br>   ) <br>   Plaintiff ) <br> v. ) <br>   ) <br> M.P. INDUSTRIAL COATINGS, INC., et al., ) <br>   ) <br>   Defendants ) | CIVIL ACTION NO. 07-1876 (RWR) |

### **DEFAULT JUDGMENT**

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund," "Pension Fund" or "Plaintiff"), it appears to the Court that Defendant, M.P. Industrial Coatings, Inc. a/k/a MP Industrial Coatings, Inc. ("Company" or "Defendant"), has willfully failed to appear, plead or otherwise defend, and it is ORDERED:

1. Plaintiff's Motion is **GRANTED**;

2. Judgment is entered against Company and in favor of Plaintiff in the total amount of $160,263.53 itemized as follows:

   (a) Unpaid contributions for the period of January 1, 2002 through March 31, 2006 in the amount of $108,541.39 under 29 U.S.C. § 1132(g)(2);

   (b) Interest from the date contributions became due through May 31, 2008 in the amount of $23,511.21;

   (c) Liquidated damages in the amount of $23,511.21. As indicated above, Defendant owes $108,541.39 in unpaid contributions. Defendant owes twenty percent (20%) in liquidated damages for unpaid contributions in the amount of $21,708.29. The total amount of interest due

190533-1

is greater than the liquidated damages. Therefore, Defendant owes liquidated damages in the amount of $23,511.21.

(d) Attorneys' fees and costs in the amount of $4,699.72 incurred by Plaintiff through May 28, 2007, as provided in 29 U.S.C. § 1132(g)(2)(D).

3. Defendant, its owners, officers, agents, servants, attorneys and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which Defendant is obligated to do so under its collective bargaining agreement(s).

4. If further action by the Pension Fund is required to obtain payment of the amounts owed by Defendant, it may apply to this Court or to the court in which enforcement is sought, for such further reasonable attorneys' fees and costs in addition to those set out in Paragraph 2(d) above. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989)).

5. Plaintiff shall have the right to conduct future audits for all relevant periods, including the time periods covered by this judgment. Defendant shall be and hereby is restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by Plaintiff and shall produce all payroll books and related records requested by Plaintiff, including, but not limited to, payroll, wages, general ledger and cash disbursement records, compensation insurance audits and any other pertinent records deemed necessary for the

196265-1

Case 1:07-cv-01876-RWR

purpose of ascertaining and/or verifying payments and/or liabilities to Plaintiff. Defendant shall pay Plaintiff any additional amounts found owing, plus such other amounts as set forth in the Agreement, the Agreement and Declaration of Trust of the Pension Fund, the International Painters and Allied Trades Industry Pension Plan, ERISA or any other applicable law.

      6.     If additional delinquencies are discovered pursuant to the submission of the remittance reports or as a result of additional information that becomes available to the Plaintiff, the Plaintiff may apply to the Court for an additional or supplemental judgment reflecting any additional delinquencies, interest, liquidated damages, attorneys' fees and costs, pursuant to ERISA. 29 U.S.C. § 1132(g)(2) together with any audit costs incurred by the Plaintiff.

      9.     Plaintiff ~~is awarded~~ *may move for* reimbursement of all additional attorneys' fees and costs it incurs in the collection and enforcement of this judgment.

      10.     If defendant fails to comply with any of the terms of this Order, the Plaintiff may, in addition to pursuing the remedies provided for under Federal Rule of Civil Procedure 69, reopen this case upon motion to the Court and notice to the Defendant, and may at that time ask for further appropriate monetary and/or injunctive relief.

_/s/ Richard W. Roberts_
RICHARD W. ROBERTS    J.
United States District Judge

Date: 7/29/08

196265-1

Copies of this Default Judgment shall be sent to:

Kent G. Cprek, Esquire
Philip A. Lozano, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683

M.P. INDUSTRIAL COATINGS, INC.
a/k/a MP Industrial Coatings, Inc.
13 Malibu Court
Towson, MD 27204

196265-1